IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NESSA WILLIAMS, *on behalf of herself and others similarly situated*, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. _____ |
| v. | : | |
| | : | CLASS/COLLECTIVE ACTION |
| BETHANNA, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Nessa Williams ("Plaintiff") brings this lawsuit against Bethanna ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff resides at 4619 Conshohocken Avenue, Philadelphia, PA 19131.

5.      Bethanna is a corporate entity headquartered at 1030 Second Street Pike, Southampton, PA 18966.

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.      Defendant, according to its website, "provides adoption, child welfare services and behavioral health care in Philadelphia, Southeastern and Central Pennsylvania."

9.      In providing such services, Defendant employs Case Managers.

10.     Plaintiff is employed by Defendant as a Case Manager and works in Philadelphia.

11.     The Case Manager position carries no managerial or supervisory responsibilities and does not require any involvement in or knowledge of Defendant's general business operations.

12.     The Case Manager position does not require a Master's Degree.

13.     Plaintiff does not have a Master's Degree.

14.     The Case Manager position does not require specialized academic training.  For example, according to the job description on Defendant's website, Case Managers may have Bachelor's Degrees in fields "including but not limited to sociology, psychology, counseling, criminal justice, education, divinity, or public health administration."

15.     Plaintiff has a Bachelor's Degree in Elementary Education.

16.     Case Managers are paid on a salary basis.  For example, Plaintiff is paid an annual salary of around $43,000.

17.     Case Managers regularly work over 40 hours per week.  For example, Plaintiff currently works 40-50 hours during typical week, and, during the 2016-17 time period, she frequently worked over 50 hours per week and sometimes worked over 60 hours per week.

18.     Plaintiff and other Case Managers do not receive any overtime premium

compensation for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil

Procedure 23.  She sues on behalf of all Case Managers employed by Defendant during any

week within the past three years.

20.     Plaintiff's FLSA claim should proceed as a collective action because she and

other putative collective members, having worked pursuant to the common compensation

policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b)

and the associated decisional law.

21.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as

alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22.     The class, upon information and belief, includes over 70 individuals, all of whom

are readily ascertainable based on Defendant's payroll records and are so numerous that joinder

of all class members is impracticable.

23.     Plaintiff is a class member, her claims are typical of the claims of other class

members, and she has no interests that are antagonistic to or in conflict with the interests of other

class members.

24.     Plaintiff and her lawyers will fairly and adequately represent the class members

and their interests.

25.     Questions of law and fact are common to all class members, because, *inter alia,*

this action concerns Defendant's common compensation policies, as described herein.  The

legality of these policies will be determined through the application of generally applicable legal

principles to common facts.

26.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging FLSA Violations)**

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

29.     Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

30.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
**(Alleging PMWA Violations)**

31.     All previous paragraphs are incorporated as though fully set forth herein.

32.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

33.     Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective,

seeks the following relief:

A.    Unpaid overtime wages and prejudgment interest;

B.    Liquidated damages to the fullest extent permitted under the FLSA;

C.    Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date:  July 23, 2018

Respectfully,

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

# CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying

FLSA action.  I understand that I will be bound by the judgment of the Court on all

issues in this case.

_____

Signature

Nessa Williams
_____

Print Name