IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NESSA WILLIAMS, *et al.* | : | |
| Plaintiffs, | : | 2:18-cv-03106-GJP |
| v. | : | |
| | : | |
| BETHANNA, | : | |
| Defendant | : | |
| | : | |

**PLAINTIFFS' UNOPPOSED MOTION
FOR APPROVAL OF THE SETTLEMENT**

Having settled this lawsuit, which includes a claim under the federal Fair Labor Standards Act ("FLSA"),[1] Plaintiffs Jamilla Blocker, Tijuana Harris, Amanda Mosley, and Nessa Williams ("Plaintiffs") now move for judicial approval of the settlement. The operative "Settlement Agreement and Release" ("Agreement") has been signed by each Plaintiff and is attached. Defendants do not oppose this motion.

Approval of the settlement is warranted. Although the Third Circuit Court of Appeals has not addressed the issue, this Court generally reviews FLSA settlements to ensure that they represent "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"[2] In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable for the employee(s);" and (3) "furthers the FLSA's implementation in the workplace."[3] As is

---

[1] 29 U.S.C. § 201, et seq.
[2] Howard v. Philadelphia Housing Authority, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).
[3] Id.; see, e.g., Teixeira v. Walters & Mason Retail, Inc., 2018 U.S. Dist. LEXIS 153837 (E.D. Pa. Sept. 6, 2018); Fried v. Ideal Concepts Inc., 2018 U.S. Dist. LEXIS 121416 (E.D. Pa. July 17, 2018); Santos v. El Gallito Mexican Bakery II LLC, 2018 U.S. Dist. LEXIS 42363 (E.D. Pa. March 12, 2018).

discussed in the accompanying Memorandum of Law, each of these requirements is satisfied by the instant settlement, which provides the four Plaintiffs with payments totaling $35,000 (free and clear of attorney's fees and expenses), is being publicly filed on the Court's ECF system, does not contain any confidentiality provision, and does not require the release of any claims unrelated to this litigation.

Also, courts reviewing FLSA settlement must ensure that the attorney's fees and expenses sought to be recovered by Plaintiff's counsel are reasonable.[4]  Here, the settlement provides Plaintiffs' lawyers with a total payment of $15,000.  This total includes $14,565 in fees and $435 in documented expenses.  As discussed in the accompanying Memorandum of Law, such fees (which constitute 29.13% of the total $50,000 settlement fund) are reasonable, and the claimed expenses were necessarily expended.

**WHEREFORE**, Plaintiffs request that the Court grant this motion and approve the settlement of this FLSA action.  A proposed order is attached.

Date:  January 4, 2019

Respectfully,

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiffs*

---

[4]  See Howard, 197 F. Supp. 3d at 780-81.