IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NESSA WILLIAMS, *et al.*,

    *Plaintiffs*,

    v.

BETHANNA,

    *Defendant*.

CIVIL ACTION
NO. 18-3106

**PAPPERT, J.**                                                                                                             January 15, 2019

## **MEMORANDUM**

Nessa Williams sued Bethanna, a Community Umbrella Agency that provides child welfare services, under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act for its failure to pay her overtime. (Compl., ECF No. 1.) Williams brought this suit as a class/collective action and Jamilla Blocker, Tijuana Harris and Amanda Mosley later joined the case as Plaintiffs. (ECF No. 5.) Plaintiffs and Bethanna jointly move for approval of their Settlement Agreement pursuant to the Court's duty to ensure that FLSA wage-payment settlements represent a "fair and reasonable resolution of a *bona fide* dispute." *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The Court grants the Motion for the reasons that follow.

I

Plaintiffs work for Bethanna as case managers. (Pls.' Mem. Supp. Mot. ("Pls.' Mem.") 2.) They are salaried employees who claim they often work more than forty hours per week. (*Id.*; Compl. ¶¶ 16–17.) Bethanna has not paid overtime wages to

Plaintiffs because it believes they are employed "in a bona fide . . . professional capacity" and are thus exempt from the FLSA and PMWA's overtime pay mandates under 29 U.S.C. § 213(a)(1).

II

"[T]he FLSA was designed to give specific minimum protections to *individual* workers and to ensure that *each* employee covered by the Act would receive a fair day's pay for a fair day's work." *Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942)) (internal quotation marks omitted). An employee's right to a minimum wage and overtime pay under the FLSA "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

Accordingly, FLSA claims may be compromised or settled in just two ways: (1) a compromise supervised by the Department of Labor or (2) a compromise approved by the Court. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016) (citing *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014)). Although the Third Circuit Court of Appeals has not addressed whether parties may settle FLSA claims without court approval, district courts assume that judicial approval is necessary. *See, e.g.*, *Howard v. Phila. Housing Auth.*, 197 F. Supp. 3d 773 (E.D. Pa. 2016); *Kraus*, 155 F. Supp. 3d 516; *Bettger v. Crossmark, Inc.*, 2015 WL 279754 at *3 (M.D. Pa. Jan. 22, 2015) (collecting cases). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement,

the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

Courts presented with a proposed settlement agreement first determine whether the agreement resolves a "*bona fide* dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Kraus*, 155 F. Supp. 3d at 523 (quoting *Cuttic v. Crozer–Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012)) (internal quotation marks omitted). If it does, the Court conducts a two-part fairness inquiry to ensure (1) the settlement is fair and reasonable to the employees and (2) the agreement furthers the FLSA's implementation in the workplace. *Kraus*, 155 F. Supp. 3d at 523–24.

III

The parties' Agreement purports to resolve *bona fide* disputes as to the number of overtime hours each Plaintiff worked per week, the proper method of calculating of overtime wages, and whether Plaintiffs are overtime-exempt employees under 29 U.S.C. § 213(a)(1).[1]

"[B]alancing the likelihood of success against the benefit[s] of a certain settlement" and efficiencies gained by early and mutual resolution of the dispute, the Agreement is fair and reasonable. *Howard*, 197 F. Supp. 3d at 778. Bethanna will pay

---

[1] *See Acevedo v. Brightview Landscapes, LLC*, 2017 WL 4354809 at *13 (M.D. Pa. Oct. 2, 2017) (finding a *bona fide* dispute as to the proper computation of overtime pay); *Devlin v. Ferrandino & Son, Inc.*, 2016 WL 7178338 at *7 (E.D. Pa. Dec. 9, 2016) (finding a *bona fide* dispute as to plaintiffs' exempt status and the number of overtime hours worked); *Waltz v. Aveda Transpo. & Energy Servs. Inc.*, 2017 WL 2907217 at *2 (M.D. Pa. July 7, 2017) (same); *Stickel v. SMP Servs., LLC.*, 2016 WL 827126 at *2 (M.D. Pa. Mar. 1, 2016) (finding a *bona fide* dispute as to, *inter alia*, employees' exempt status); *Dino v. Pennsylvania*, 2013 WL 4041681 at *4 (M.D. Pa. Aug. 8, 2013) (same).

3

$35,000 to be divided between Plaintiffs[2] and $15,000 to Plaintiffs' attorneys—$14,565 in fees and $435 in documented expenses. (Agreement & Release ¶¶ 5–6.) According to Plaintiffs, $35,000 is a fair payout given the parties' disagreement as to the number of overtime hours each Plaintiff worked and the likelihood that Bethanna will be unable to satisfy a judgment if the claims proceeded to trial.[3]

"Percentage-of-recovery is the prevailing method" used to assess attorneys' fees in wage and hour cases. *Howard*, 197 F. Supp. 3d at 780. Excluding out-of-pocket expenses, Plaintiffs' attorneys' proposed recovery is 29.13% of the $50,000 total settlement fund. Such a percentage is well within the acceptable range of fee awards for common fund cases within the Third Circuit and the fee award is thus fair and reasonable.[4] *See Rubbo v. Peoplescout, Inc.*, 2017 WL 2010311 at *3 (E.D. Pa. May 11, 2017); *Mabry v. Hildebrandt*, 2015 WL 5025810 at *4 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20–45%.").

Finally, the Agreement does not impermissibly frustrate the implementation of the FLSA in the workplace. It does not include broad waiver provisions, *see Rubbo v. PeopleScout, Inc.*, 2017 WL 2010311 at *4 (E.D. Pa. May 11, 2017), or a confidentiality agreement, *see Marby*, 2015 WL 5025810 at *2, and the parties are not attempting to

---

[2] The Agreement assigns $11,542.00 to Williams, $8,246.00 to Blocker, $7,654.00 to Harris and $7,558.00 to Mosley. (Agreement & Release, ECF No. 15-1 at ¶ 1.)

[3] Discovery by Plaintiffs revealed that Bethanna is not financially viable and the claims at issue are not covered by an insurance policy. (Pls.' Mem. 2; *Id.* at App'x 1.)

[4] According to Plaintiffs' attorneys, $14,565 is less than the firm's fee lodestar. (Pls.' Mem. 9 n.2.)

file under seal, *see Lyons v. Gerhard's Inc.*, 2015 WL 4378514 at *3 (E.D. Pa. July 16, 2015).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J